IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOSHUA WADE RAY, #222 665,          )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )     CASE NO. 3:20-CV-910-WKW-SRW
                                    )                    [WO]
DR. JON McFARLAND, *et al.*,         )
                                    )
    Defendants.                     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

    This action is before the Court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama. Before the Court is Plaintiff's Motion for Injunctive Relief which the court construes as a motion for preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Doc. 41.[1] Upon consideration of the motion, the undersigned finds that it is due to be denied.

**II.    STANDARD OF REVIEW AND REQUIRED ELEMENTS**

    "The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not

---

[1] All cited documents and page numbers are those assigned by the Clerk of Court in the docketing process.

substantially harm the non-moving parties; and (4) the injunction, if issued, would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr*., 924 F.3d 1171, 1176 (11th Cir.), *cert. denied sub nom. Long v. Inch*, 139 S. Ct. 2635 (2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal LLC v. Amazon.com, Inc*., 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted); *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits may defeat request for injunctive relief, regardless of the ability to establish the other elements).

## III. DISCUSSION

In his request for preliminary injunctive relief, Plaintiff requests that Defendants be directed to cease and desist from delaying the delivery of his legal mail and declare as unconstitutional the procedures used by Defendants to process his legal mail.[2] Doc. 41.

---

[2] To the extent that Plaintiff seeks to bring his request for injunctive relief on behalf of other inmates at the Lee County Detention Center, he lacks standing to assert the constitutional rights of other persons. *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), *citing United States v. Raines*, 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

No extended discussion of the facts is necessary in resolving Plaintiff's request for injunctive and declaratory relief because Plaintiff has not met his burden of persuasion on all four prerequisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that he will suffer irreparable injury if the injunction is not granted. Plaintiff is incarcerated at the Ventress Correctional Facility and, thus, is no longer housed at the Lee County Detention Center, which is where the actions about which he complains occurred. In a §1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (explaining that "[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'"). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd*., 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id*.

Here, Plaintiff seeks preliminary injunctive relief to prohibit Defendants from delaying delivery of his legal mail and to declare their mail handling procedures unconstitutional. Any request for preliminary injunctive relief against the Lee County Detention Center defendants is moot because Plaintiff has been transferred from that facility. The Court, therefore, finds that the second factor necessary for preliminary injunctive relief—a substantial threat that Plaintiff will suffer the requisite irreparable

injury absent issuance of a preliminary injunction—does not now exist. *Siegel*, 234 F.3d at 1176. Accordingly, the Court finds that the request for preliminary injunctive relief is moot.

## IV.     CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that:

1.  Plaintiff's Motion for Preliminary Injunction (Doc.  41) be DENIED as moot;

2.   This case be referred to the undersigned for additional proceedings.

It is ORDERED that **by March 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 1st day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

4