IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSHUA WADE RAY, #222665, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:20-cv-910-WKW-CWB ) ) |
| JOHN MCFARLAND, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Joshua Wade Ray, *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On November 13, 2020 and December 1, 2020, the court issued Orders directing Plaintiff to provide prompt notice of any change in his address. (Docs. 2 & 5). Both Orders specifically cautioned that the failure to provide an updated address within 10 days following a change would result in dismissal. (*Id.*). Nonetheless, and despite having received no such notice, the court later discovered that Plaintiff was no longer located at his address of record.[1]

On August 29, 2022, the court issued another Order to (1) notify Plaintiff that this case would not be allowed to proceed if his whereabouts remained unknown and (2) instruct Plaintiff to provide notice of his current address by September 12, 2022. (Doc. 53). The court again cautioned Plaintiff that his failure to comply would result in a recommendation that the case be dismissed. (*Id.*). Yet more than six months now have passed since the imposed deadline expired, and the court still has not been notified of Plaintiff's current address.

---

[1] Plaintiff's service address is listed as Ventress Correctional Facility in Clayton, Alabama. However, a search of the Alabama Department of Corrections inmate database indicates that Plaintiff is no longer being housed at that facility. *See* http://doc.state.al.us/InmateSearch (last visited on March 24, 2023).

1

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Considering Plaintiff's willful failure to provide updated address information despite the court's repeated admonitions, the undersigned finds that any sanctions lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, the undersigned hereby **RECOMMENDS** that this case be dismissed without prejudice in its entirety.

It is **ORDERED** that any objections to this Recommendation must be filed no later than April 10, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see also Resolution Trust Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 27th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**